IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD A. HUFFT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 25-cv-00057-JFH-SH |
| THE TRUSTEE FOR CHILD SUPPORT PAYMENTS FOR THE STATE OF MISSOURI and SHARA A. MARTIN, | ) ) ) ) |
| Defendants. | ) ) |

### **REPORT AND RECOMMENDATION**

Before the undersigned is Plaintiff's motion for preliminary injunction, which seeks to enjoin an ongoing state criminal prosecution.[1] The requested relief is barred under *Younger v. Harris*, 401 U.S. 37 (1971). Accordingly, the undersigned recommends that the Court deny the motion.

### **Background**

On February 3, 2025, Plaintiff Richard Hufft ("Hufft") filed a *pro se* complaint against (1) Shara Martin, an assistant prosecutor in Lawrence County, Missouri, and (2) the "Trustee for Child Support Payments for the State of Missouri" ("Trustee"), which appears to refer to the Family Support Division of the Missouri Department of Social Services. (ECF No. 2.)

---

[1] On March 28, 2025, Chief Judge John F. Heil, III, referred the case to the undersigned for all further proceedings under 28 U.S.C. § 636. (ECF No. 12.) The undersigned issues a report and recommendation, as motions for preliminary injunction are generally regarded as dipositive. *See Georgacarakos v. Wiley*, No. 07-cv-01712, 2008 WL 4216265, at *19 (D. Colo. Sept. 12, 2008).

Hufft alleges that Defendants have engaged in an "ongoing pattern of false arrests and extortion" in violation of 42 U.S.C. § 1983. (*Id.* at 1.[2]) Specifically, Hufft alleges Martin repeatedly arrested him for unpaid child support from April 2022 to October 2024 and "threatened to imprison [him] unless [he] paid $5,000.00 [in] child support." (*Id.*) Hufft further alleges the Trustee "extorted [him] for many years . . . for nonpayment of child support" and has interfered with his right to travel by revoking his driver's license and effectively holding it for "ransom." (*Id.* at 2.)

On May 29, 2025, Hufft filed a motion for preliminary injunction, seeking to enjoin an ongoing Missouri state criminal case while his federal lawsuit is pending. (ECF No. 18 at 2.) Hufft's motion includes various documents from the criminal case. (*See* ECF No. 19 at 3–10, 23–32.) These documents indicate that Hufft pled guilty to one count of criminal non-support in November 2019. (ECF No. 19 at 27.) He was placed on unsupervised probation for five years[3] and ordered to pay $450 per month in child support. (*Id.*) Hufft has had at least two warrants issued for failing to appear in the criminal case. *See* State Criminal Docket, 1/10/22 & 8/9/22 entries. The criminal case is

---

[2] References to page numbers refer to the ECF header.

[3] *See* Docket, 11/13/2019 entry, *Missouri v. Hufft*, No. 19LW-CR-00234-01, available at https://www.courts.mo.gov/cnet/cases/newHeader.do?inputVO.caseNumber=19LW-CR00234-01&inputVO.courtId=CT39#docket (the "State Criminal Docket").

The undersigned takes judicial notice of the docket entries related to this case. *See Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1503 (10th Cir. 1997) ("Federal Rule of Evidence 201 authorizes a federal court to take judicial notice of adjudicative facts at any stage of the proceedings, and in the absence of a request of a party."); *St. Louis Baptist Temple, Inc. v. F.D.I.C*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

currently set for a probation violation hearing on July 7, 2025. *See* State Criminal Docket, 6/2/25 entry.

Martin appeared in this Court on June 16, 2025, and filed a response to the preliminary injunction motion on June 25, 2025.[4] (ECF Nos. 22 & 28.) Hufft's reply is not yet due, but because Hufft seeks to enjoin a criminal case currently set for a July 7th hearing, the undersigned finds it is in the interests of justice to rule on the motion without a reply.[5] *See* LGnR 1-2(c) (noting a judge has discretion to waive or modify any requirement of the local rules when the administration of justice requires).

## Analysis

Martin argues Hufft's motion must be denied, because the requested relief is prohibited by the Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283.[6] (ECF No. 29 at 3–5.) The undersigned finds that the AIA does not apply, yet Hufft's motion still must be denied under the *Younger* abstention doctrine.

---

[4] The Trustee has not appeared. Martin's attorneys have signed the response and motion to dismiss as "Attorneys for Defendants, Trustee for Child Support Payments for the State of Missouri, and Shara A. Martin," but they have not entered an appearance for the Trustee. (ECF No. 28 at 29; ECF No. 29 at 7; *see also* ECF Nos. 24 & 25.) Martin's motion to dismiss is not ripe and will be subject to a future report and recommendation.

[5] Because the undersigned recommends denial of injunctive relief, and given the time constraints, this report is being entered before a determination has been made as to the Court's jurisdiction over the person of Defendant Martin.

[6] Martin also argues that, to the extent she is being sued in her individual capacity, injunctive relief is not available under § 1983. Given the relief sought in Hufft's motion—an injunction against the continued litigation of a state criminal proceeding—it appears Plaintiff is only seeking injunctive relief against Martin in her official capacity. To the extent Hufft is seeking such individual capacity relief, his motion must be denied. "Under § 1983, a plaintiff cannot sue an official in their individual capacity for injunctive or declaratory relief." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1214 (10th Cir. 2022).

I. **Anti-Injunction Act**

The AIA provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Supreme Court, however, long ago ruled that § 1983 "is an Act of Congress that falls within the 'expressly authorized' exception" of the AIA. *Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972).

Even so, courts are bound by "principles of equity, comity, and federalism," including *Younger* abstention, that "restrain a federal court when asked to enjoin a state court proceeding." *Id.* at 243 (citing *Younger v. Harris*, 401 U.S. 37 (1971)); *see also Tibor v. Kane Cty.*, 485 F. App'x 840, 841 (7th Cir. 2012) (unpublished) ("Although suits under § 1983 are not strictly governed by § 2283, they may proceed only to the extent allowed by the principles of *Younger . . . ,* and its successors." (citation omitted)).

II. ***Younger* Abstention**

   A. **In General**

Under *Younger*,[7] federal courts must generally abstain from exercising jurisdiction if doing so interferes with state proceedings, provided that the following three conditions are met:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

---

[7] *Younger* abstention may be raised sua sponte. *See Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976) (stating that abstention may be raised sua sponte); *see also London v. Garrison*, No. 24-CV-0578-CVE-JFJ, 2024 WL 5172202, at *2 (N.D. Okla. Dec. 19, 2024) (raising *Younger* abstention sua sponte).

4

*Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (quoting *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006)).  If these conditions are met, *Younger* abstention is "non-discretionary," *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003), and claims for injunctive relief "are subject to outright dismissal," *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 523 (10th Cir. 2023).  The "classic example" of when *Younger* abstention should be applied "is a federal suit to enjoin a pending state criminal proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).

But *Younger* abstention is not applicable where the state court proceeding was "(1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any such other extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate." *Winn*, 945 F.3d at 1258–59 (quoting *Phelps v. Hamilton*, 59 F.3d 1058, 1063–64 (10th Cir. 1995)).  Hufft has a "heavy burden of proof in order to overcome the bar of *Younger* abstention." *Phelps*, 59 F.3d at 1066.

### B.     *Younger* Bars Preliminary Relief Here

Hufft's motion falls squarely under *Younger*, and the Court must abstain from providing the requested injunctive relief.  First, Hufft seeks a preliminary injunction to pause an active state criminal prosecution.  Second, the Missouri state court appears to offer an adequate remedy for Hufft's grievances. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient

opportunity for vindication of federal constitutional rights").[8]  Third, Missouri has an important state interest in enforcing both child support obligations and its criminal laws. *See Kelly v. Robinson*, 479 U.S. 36, 47 (1986) ("The right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States."); *Sonsa v. Iowa*, 419 U.S. 393, 404 (1975) (explaining "domestic relations" is "an area that has long been regarded as a virtually exclusive province of the States").

Further, no exception applies.  Despite Hufft's bald conclusions otherwise (ECF No. 18 ¶ 1; ECF No. 19 ¶ 9), nothing in the record suggests the prosecution was commenced in bad faith or to harass.  Under Missouri law, the failure to pay child support is a crime.  Mo. Rev. Stat. § 568.040.  Hufft has not argued that § 568.040 is flagrantly and patently unconstitutional. *See Younger*, 401 U.S. at 53–54 (explaining this requires the statute be "violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" (citation omitted)).[9]  Finally, Hufft has failed to show extraordinary circumstances creating a great and immediate threat of irreparable injury.  To be sure, Hufft may have to continue defending his state criminal case, but this is insufficient to show irreparable injury. *See id.* at 46 ("[T]he cost, anxiety, and inconvenience of having

---

[8] Hufft's § 1983 claims are based on the premise that the state court lacks jurisdiction to prosecute him. (*See, e.g.*, ECF No 19 at 4–9.)  The state court is the proper forum to address these issues. *Allen v. Illinois*, No. 16-cv-1314, 2017 WL 1048264, at *2–3 (S.D. Ill. Mar. 20, 2017) (explaining challenges to state court's jurisdiction to prosecute are properly brought in state court).

[9] Hufft alleges that Missouri's administrative child support process is unconstitutional and/or violates federal law (ECF No. 2 at 2–3) and has argued before the state court that it is unconstitutional to require non-custodial parents to pay child support (ECF No. 19 at 6–7).  To the extent Hufft applies this argument to challenge the constitutionality of § 568.040, Hufft has again failed to show that the flagrant and patent unconstitutionality required to warrant exception from *Younger*.

to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term."). The *Younger* abstention doctrine applies and mandates denial of injunctive relief.

## Conclusion & Recommendation

Considering the above, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's motion for preliminary injunction (ECF No. 18) be **DENIED**.

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma by July 21, 2025. *See* Fed. R. Civ. P. 6(d), 72(b)(2).

If specific written objections are timely filed, Federal Rule of Civil Procedure 72(b)(3) directs the district judge to

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*; *see also* 28 U.S.C. § 636(b)(1). The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for *de novo* review by the district court or for appellate review.

**SUBMITTED** this 2nd day of July, 2025.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT