## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

**RICHARD A HUFFT,**

             **Plaintiff,**

**v.**

**THE TRUSTEE FOR CHILD SUPPORT PAYMENTS FOR THE STATE OF MISSOURI and SHARA A. MARTIN,**

             **Defendants.**

**Case No. 25-CV-057-JFH-SH**

### ORDER

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Susan E. Huntsman. Dkt. No. 32. The Magistrate Judge recommends that the Motion for Preliminary Injunction ("Motion") filed by Plaintiff Richard A Hufft ("Plaintiff") [Dkt. No. 18] be denied. *Id*. Plaintiff timely filed an objection to the R&R. Dkt. No. 39. For the following reasons, Plaintiff's objection [Dkt. No. 39] is overruled, the R&R [Dkt. No. 32] is adopted by this Court, and Plaintiff's Motion [Dkt. No. 18] is denied.

### BACKGROUND

This case was initiated by complaint filed on February 3, 2025. Dkt. No. 2. The complaint arises under 42 U.S.C. § 1983 and alleges "an ongoing pattern of false arrests and extortion under color of law by the Trustee for the State of Missouri by and through assistant prosecuting attorney for Lawrence County Missouri Shara A. Martin." *Id*. at 1. Specifically, Plaintiff's lawsuit challenges the legality of an underlying Missouri state criminal case related to Plaintiff's alleged failure to make child support payments. *Id*. On May 29, 2025, Plaintiff filed the instant Motion [Dkt. No. 18], as well as a brief in support of the Motion [Dkt. No. 19], seeking to enjoin the

ongoing Missouri state criminal case while this federal lawsuit is pending.  Dkt. No. 19 at 3-10, 23-32.

On June 25, 2025, Defendant Martin filed a response in opposition to the Motion arguing that the Motion must be denied as the requested relief is prohibited by the Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283.  Dkt. No. 29.  On July 2, 2025, the Magistrate Judge issued the R&R.  Dkt. No. 32.  In the R&R, the Magistrate Judge concluded that while the AIA did not apply, the Motion was nonetheless barred by the *Younger* abstention doctrine, which instructs that federal courts must generally abstain from exercising jurisdiction if doing so interferes with state proceedings.  *Id*. at 4 (citing *Younger v. Harr*, 401 U.S. 37 (1971)).  Upon analyzing the *Younger* standard and applicable conditions, the Magistrate Judge concluded that the *Younger* abstention doctrine applied and, therefore, mandated denial of the requested injunctive relief.  *Id*. at 4-7.

On July 7, 2025, Plaintiff filed a reply to Martin's response.[1]  Dkt. No. 35.  On July 9, 2025, Plaintiff filed his objection to the R&R.  Dkt. No. 39.  Plaintiff's objection advances two main arguments.  First, Plaintiff contends that his § 1983 claim is an exception to the AIA and, therefore, his injunction is warranted and necessary to prevent conduct in the underlying criminal case that Plaintiff argues is prohibited under the law.  *Id*. at 1-2.  Next, Plaintiff contends that the Magistrate Judge "unprofessionally" evaluated the Motion, "has repeatedly suppressed evidence," and is "in breach of [several] Judicial Canons."  *Id*. at 2-3.

---

[1] In the R&R, the Magistrate Judge explained that due to the hearing schedule in the underlying criminal case and the requested relief in the Motion, the Magistrate Judge found that it was in the interests of justice to rule on the Motion prior to Plaintiff's reply deadline pursuant to LGnR 1-2(c).  Dkt. No. 32 at 3.

## DISCUSSION

After a Report and Recommendation has been issued, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also*, 28 U.S.C. § 636(b)(1). However, any objections not properly raised are waived for purposes of review by the District Court. *Klein v. Harper*, 777 F.3d 1144 (10th Cir. 2015); *Silva v. United States*, 45 F.4th 1134 (10th Cir. 2022). An objection to a recommendation is properly raised if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.*; *see e.g., Lopez v. Colorado*, No. 19-CV-0684-WJM-MEH, 2020 WL 1074756, at *1 (D. Colo. Mar. 6, 2020).[2] "In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate." *Davis v. GEO Grp. Corr., Inc.*, No. CIV-16-00462-PRW, 2023 WL 2536727, at *1 (W.D. Okla. Mar. 16, 2023) (citing *Summers v. State of Utah*, 927 F.2d 1165, 1167-68 (10th Cir. 1991)).

While Plaintiff's objections here are timely, they are not sufficiently specific to trigger the Court's de novo review. *See 2121 E. 30th St.*, 73 F.3d at 1059. Plaintiff's first objection takes issue with the applicability of the AIA and then reasserts arguments related to his § 1983 claim.

---

[2] "Unpublished opinions are not precedential, but may be cited for their persuasive value." 10th Cir. R. 32.1(A), 28 U.S.C.; *see also United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

Dkt. No. 39 at 1-2.  The Court notes that the R&R found that the AIA was not applicable, and instead found that injunctive relief was barred under the *Younger* abstention doctrine.  Dkt. No. 32 at 4-7.  Plaintiff did not object to the Magistrate Judge's application of the *Younger* abstention doctrine.  The Court also notes that "[m]ere regurgitation of original arguments does not trigger the Court's obligation to perform de novo review."  *United States v. Kirby*, No. 23-CR-026-JFH, 2023 WL 3956685, at *2–3 (E.D. Okla. June 12, 2023).

Next, Plaintiff appears to take issue with the Magistrate Judge "including" Defendant Trustee for Child Support Payments for the State of Missouri ("Defendant Trustee") in the Magistrate Judge's consideration of the Motion because Defendant Trustee has not entered an appearance in the case.  Dkt. No. 39 at 2.  While the R&R acknowledged that Defendant Trustee had not yet appeared in the case, Defendant Trustee's non-appearance was not dispositive in determining the Motion.  Dkt. No. 32 at 3.  Further, "courts do not consider new arguments and new evidence raised in objections to a magistrate judge's report and recommendation that were not raised, and thus were not considered, by the magistrate judge."  *Parks v. Persels & Assocs., LLC*, 509 B.R. 345, 357 (D. Kan. 2014) (citing *Grant v. Bradt*, 2012 WL 3764548, at *4 (S.D.N.Y.2012); *Greathouse v. JHS Sec. Inc.*, 11 Civ. 7845(PAE), 2012 WL 5185591, at *6 (S.D.N.Y. Oct. 19, 2012)).  The issue of Defendant Trustee's non-appearance was not raised in Plaintiff's Motion and, therefore, the issue was not considered by the Magistrate Judge.  The Court declines to consider this argument now.

Finally, Plaintiff's second objection vaguely takes issue with the Magistrate Judge's conduct in the case.  Dkt. No. 39 at 2.  Plaintiff states that the Magistrate Judge has "repeatedly suppressed evidence" and lists various Judicial Canons Plaintiff believes the Magistrate Judge has failed to abide by.  Plaintiff's generalized complaints about the Magistrate Judge are not proper

objections, nor are they sufficiently specific to trigger the Court's de novo review (in addition to being unsupported by the record).

For these reasons, the Court finds that a de novo review is not warranted and instead reviews the R&R under the clear error standard. Finding no clear error in the R&R, the Court overrules Plaintiff's objection and adopts the R&R. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's objection [Dkt. No. 39] is OVERRULED, the Report and Recommendation [Dkt. No. 32] is ACCEPTED AND ADOPTED as the order of this Court, and Plaintiff's Motion for Preliminary Injunction [Dkt. No. 18] is DENIED.

IT IS SO ORDERED this 31st day of July 2025.


JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE