### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD A HUFFT,<br><br>                **Plaintiff,**<br><br>v.<br><br>THE TRUSTEE FOR CHILD SUPPORT PAYMENTS FOR THE STATE OF MISSOURI and SHARA A. MARTIN,<br><br>                **Defendants.** | Case No. 25-CV-057-JFH-SH |

### OPINION AND ORDER

Before the Court is a "Motion to Vacate the Order Overruling Plaintiff's Objection to the Report and Recommendation of the Magistrate and Adopting the Report and Recommendation Deny Plaintiff's Motion for a Preliminary Injunction Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4)" ("Motion to Vacate") filed pro se by Plaintiff Richard A. Hufft ("Plaintiff"). Dkt. No. 43. Defendant Shara A. Martin ("Defendant Martin") filed a response in opposition to Plaintiff's Motion to Vacate. Dkt. No. 44. For the following reasons, Plaintiff's Motion to Vacate is DENIED.

### BACKGROUND

On July 31, 2025, this Court entered an Order [Dkt. No. 41] adopting the Report and Recommendation ("R&R") [Dkt. No. 32] entered by United States Magistrate Judge Susan E. Huntsman, overruling Plaintiff's Objection [Dkt. No. 39] to the R&R, and denying Plaintiff's Motion for Preliminary Injunction [Dkt. No. 18]. On August 4, 2025, Plaintiff filed the instant Motion to Vacate. Dkt. No. 43.

## DISCUSSION

Federal Rule of Civil Procedure 60 provides a mechanism for the Court to relieve a party from a final judgment or order under the following circumstances:

1. mistake, inadvertence, surprise, or excusable neglect;
2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4. the judgment is void;
5. the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6. any other reason that justifies relief.

Fed. R. Civ. P. 60(b). As indicated by this narrow list, relief under Rule 60(b) is extraordinary and limited to certain exceptional circumstances. *Massengale v. Oklahoma Board of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co. Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds." *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir.1991), *cert. denied*, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). The district court has substantial discretion in deciding a Rule 60(b) motion. *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1145–46 (10th Cir.1990). "Not a substitute for a direct appeal, a rule 60(b) motion addresses matters outside the issues on which the judgment was entered." *Nutter*, 885 F.Supp. at 1450 (citing *Brown v. McCormick*, 608 F.2d 410, 413 (10th Cir.1979). "It is not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings." *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

Plaintiff argues that the Court's Order is "void on its face for a combination of denial of due process of law and fraud on the Court." Dkt. No. 43 at 10. Plaintiff specifically cites to Rule 60(b)(4) in his Motion to Vacate. A judgment is void for Rule 60(b)(4) purposes if the "rendering court was powerless to enter it," such as where the Court lacked subject matter jurisdiction or jurisdiction over the parties. *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir.1979); *In re Four Seasons Securities Laws Litigation*, 502 F.2d 834, 842 (10th Cir. 1974). Rule 60(b)(4) is narrow and "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1014 (10th Cir. 2025) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)).

Regarding fraud, Rule 60(b)(3) allows a court to relieve a party from a final judgment based on "fraud . . . , misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). The party relying on Rule 60(b)(3) "must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (citing *Wilkin v. Sunbeam*, 466 F.2d 714, 717 (10th Cir.1972)). Moreover, the challenged behavior must substantially have interfered with the aggrieved party's ability to fully and fairly be heard. *See id*. (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

In support of his contention that the Court's Order is void, Plaintiff first argues that the Order "falsely states" that Defendant Martin filed "a response in opposition" to Plaintiff's Motion for Preliminary Injunction, when the filing was actually titled an "objection." *Id*. Plaintiff argues that this amounts to "an impermissible alteration and/or modification of the Rules of Civil Procedure . . ." requiring the Order to be vacated. *Id*. Pursuant to the Local Rules for the Northern

District of Oklahoma, a party opposing a motion may file a "response." LCvR7-1(e). Although Defendant Martin's pleading was titled an "objection," the substance of the pleading opposed Plaintiff's Motion for Preliminary Injunction. Dkt. No. 29. Courts may look to the substance of a pleading, or the relief sought, rather than a pleading's title or its form. *See e.g., United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013). The Court's reference to the pleading as a "response" was permissible, in conformity with local rules, and in no way impacted Plaintiff's opportunity to be heard. For these reasons, this argument fails.

Next, Plaintiff argues that the Court's "reliance" on Defendant Martin's response constituted a "denial of due process" because the response "contain[ed] unverified and undocumented statements of counsel." Dkt. No. 43 at 11. Plaintiff further characterizes statements in the response as "misleading." *Id*. However, Plaintiff fails to prove by clear and convincing evidence that any statement in the response is misleading. The only example Plaintiff provides is a statement in the response that characterizes Plaintiff's request in the Motion for Preliminary Injunction as asking the Court to "enjoin the defendants from continuing litigating a criminal complaint against [him] until such time as this Court rules and determines the issues pled in [his] Complaint." Dkt. No. Dkt. No. 43 at 11 (citing *Defendant Martin's Response to Plaintiff's Motion for Preliminary Injunction*, Dkt. No. 29 at 2). However, as Defendant Martin points out, this was a direct quote from Plaintiff's Motion for Preliminary Injunction. *See* Dkt. No. 18 at 2. This clearly runs contrary to the statement being misleading. Additionally, Plaintiff has not pled or shown how any alleged misrepresentation substantially interfered with his ability to fully and fairly be heard. For these reasons, this argument fails.

Next, Plaintiff argues that Defendant Martin's response "represents both a denial of due process of law and a compound fraud on this Court by imposing on this Court to accept as true

that the so-called criminal proceedings are lawful, which they are not." Dkt. No. 43 at 11. Plaintiff then reasserts argument from his brief in support of his Motion for Preliminary Injunction. *Id*. Plaintiff's unsupported assertions of "denial of due process" and "fraud" are not sufficient under the extraordinary standard of Rule 60(b). Specifically, Plaintiff has failed to provide any proof whatsoever of fraud and further does not allege that he was deprived of the opportunity to be heard. For these reasons, this argument fails.

Next, Plaintiff argues that the Court's finding that Plaintiff's objections were not sufficiently specific to trigger the Court's de novo review of the R&R is "fraud on this Court as Plaintiff's objection clearly and unambiguously detailed violations . . . ." Dkt. No. 43 at 12. Plaintiff then reasserts argument set forth in his objection to the R&R. *Id*. First, a claim of fraud under Rule 60(b)(3) is fraud perpetrated by an opposing party. Fed. R. Civ. P. 60(b)(3). What Plaintiff complains of here is a finding of the Court. Therefore, Rule 60(b)(3) is plainly inapplicable. Furthermore, as this addresses an issue in the underlying Order, Rule 60(b) relief is not appropriate. *See Nutter*, 885 F.Supp. at 1450. For these reasons, this argument fails.

Finally, Plaintiff argues that the Motion to Vacate is warranted because "[t]he Court misapplied the *Younger* abstention doctrine." Dkt. No. 43 at 12. Again, a Rule 60(b) motion must address matters outside the issues on which the order was entered and is not an opportunity to revisit the issues addressed in the underlying order. *See Nutter*, 885 F.Supp. at 1450. As the *Younger* abstention doctrine was an issue addressed in the underlying order, it is not properly for consideration under Rule 60(b). For this reason, this argument fails.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Vacate [Dkt. No. 43] is DENIED.

Dated this 24th day of September 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

Dated this 24th day of September 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE