IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD A. HUFFT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 25-cv-00057-JFH-SH |
| THE TRUSTEE FOR CHILD SUPPORT PAYMENTS FOR THE STATE OF MISSOURI and SHARA A. MARTIN, | ) ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

Before the undersigned is Defendant Martin's motion to dismiss Plaintiff's claims for lack of personal jurisdiction, improper venue, and failure to state a claim.[1] Plaintiff has failed to make a prima facie showing that personal jurisdiction exists over Martin, and the undersigned recommends dismissing the claims against her. Pursuant to the Court's ongoing screening obligation under 28 U.S.C. § 1915(e)(2), the undersigned further recommends dismissing the claims against Defendant Trustee. Alternatively, the undersigned recommends dismissing the claims against the Trustee pursuant to Federal Rule of Civil Procedure 41(b). Finally, as all of Plaintiff's claims are subject to dismissal, the undersigned recommends denying his motion for summary judgment as moot.

**I.   Background**

On February 3, 2025, Plaintiff Richard Hufft ("Hufft") filed a *pro se* complaint against (1) Shara Martin, an assistant prosecutor in Lawrence County, Missouri, and (2) the "Trustee for Child Support Payments for the State of Missouri" (the "Trustee").

---

[1] On March 28, 2025, Chief Judge John F. Heil, III, referred the case to the undersigned for all further proceedings under 28 U.S.C. § 636. (ECF No. 12.)

(ECF No. 2.) The "Trustee" appears to refer to the Family Support Division of the Missouri Department of Social Services.[2]

Hufft alleges Defendants engaged in an "ongoing pattern of false arrests and extortion" in violation of 42 U.S.C. § 1983. (ECF No. 2 at 1.[3]) Specifically, Hufft alleges Martin repeatedly arrested him for unpaid child support from April 2022 to October 2024 and "threatened to imprison [him] unless [he] paid $5,000.00 [in] alleged child support." (*Id.*) Regarding his most recent arrest, Hufft alleges he "was taken in[to] custody without a warrant by the Blackwell Oklahoma police," "imprison[ed] in the Kay County Jail," and "held for extradition to Missouri." (*Id.* at 1–2.) Hufft alleges the Trustee "extorted [him] for many years . . . for nonpayment of child support" and has interfered with his right to travel by revoking his driver's license and effectively holding it for "ransom." (*Id.* at 2.) He further alleges the Trustee's actions violate the Consumer Credit Protection Act, 15 U.S.C. §§ 1601–1693r. (*Id.* at 2–3 (citing 15 U.S.C. § 1673).)

Hufft seeks various forms of relief, including: (1) a determination that Defendants "abused process and maliciously prosecuted" him; (2) an order directing the Trustee to stop taking his money; (3) the return of all funds taken; (4) reinstatement of his driver's license; and (5) monetary damages for "false arrest, false imprisonment, inconvenience, and interference." (*Id.*)

Martin was served by the U.S. Marshals on May 27, 2025. (ECF No. 33.) She then filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(2),(3), and (6).

---

[2] The undersigned made this finding in the prior report and recommendation. (ECF No. 32 at 1.) While Plaintiff objected to that R&R, he did not dispute this characterization. (*See generally* ECF No. 39.)

[3] References to page numbers refer to the ECF header.

(ECF No. 28.) Trustee has not appeared in this action, and the docket does not show service on Trustee.[4] Hufft's deadline to file proof of service on the Trustee was June 25, 2025. (*See* ECF No. 13.) The Court warned Hufft that failure to timely file proof of service (or waiver of service) may result in the dismissal of this case. (*Id.* at 2.)

## II.    Analysis

The undersigned first addresses Martin's motion to dismiss and second evaluates Plaintiff's claims against the Trustee under 28 U.S.C. § 1915(e)(2).

### A.    Martin's Motion to Dismiss

Martin moves to dismiss under Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction; 12(b)(3) for improper venue; and 12(b)(6) for failure to state a claim. The undersigned concludes the Court lacks personal jurisdiction over Martin and recommends dismissal on this basis. Martin's remaining arguments are not addressed. *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 n.1 (10th Cir. 2004) ("Because we dismiss the case for lack of personal jurisdiction, we do not address the district court's dismissal for failure to state a claim.").

#### 1.    Standard of Review

Generally, a "court must have the power to decide the claim before it (subject-matter jurisdiction) and power over the parties before it (personal jurisdiction) before it can resolve a case." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). When considering a 12(b)(2) motion without an evidentiary hearing, the plaintiff bears the burden of making a prima facie showing that personal jurisdiction exists. *OMI Holdings,*

---

[4] Martin's attorneys have signed at least two filings as "Attorneys for Defendants, Trustee for Child Support Payments for the State of Missouri, and Shara A. Martin," but they have not entered an appearance for the Trustee or sought relief on its behalf. (ECF No. 28 at 29; ECF No. 29 at 7; *see also* ECF Nos. 24 & 25.)

3

...

*Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998). "[I]n the preliminary stages of litigation, the plaintiff's burden is light." *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). A plaintiff makes a prima facie case by demonstrating, through affidavit or other written materials, facts that if true would support jurisdiction over the defendant. *OMI Holdings*, 149 F.3d at 1091. The Court must also accept as true any non-conclusory allegations in the complaint not controverted by a defendant's affidavits. *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987). If the parties present conflicting affidavits, all factual disputes will be resolved in the plaintiff's favor. *Id.*

Here, neither Hufft nor Martin provide affidavits addressing personal jurisdiction.[5] The undersigned will therefore examine the allegations in the complaint to determine whether those facts, if true, make a prima facie showing of personal jurisdiction. *Cf. DelaCruz-Bancroft v. Field Nation, LLC*, No. 23-0023 JB/KK, 2024 WL 3565395, at *4 (D.N.M. July 25, 2024) (examining complaint where plaintiff did not provide any materials addressing personal jurisdiction).

2. **Personal Jurisdiction, Generally**

To determine whether a court has personal jurisdiction over a defendant in a federal question case, the undersigned must consider "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*,

---

[5] The motion to dismiss includes a copy of Martin's summons but does not include any other materials. Hufft does not attach any materials to his response.

465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotations omitted).[6] Section 1983 does not, by itself, authorize nationwide service of process. *Id.* Therefore, the undersigned looks to Oklahoma's long-arm statute. *See id.*; *see also* Fed. R. Civ. P. 4(k)(1)(A). "Because Oklahoma's long-arm statute permits the exercise of any jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry." *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).

To comport with due process, "defendants must have "minimum contacts" with the forum state . . . ." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (internal quotations omitted). The minimum contacts standard may be met in one of two ways— (1) specific jurisdiction, where a defendant has purposefully directed her activities at residents of the forum and the plaintiff alleges injuries arising out of or relating to those activities; or (2) general jurisdiction, where a defendant's contacts with the forum state are such that she is subject to any suit, related or unrelated to those contacts. *Benton*, 375 F.3d at 1075. "[T]he contacts with the forum State must be such that the defendant 'should reasonably anticipate being haled into court there.'" *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839–40 (10th Cir. 2020) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Further, the connection "must arise out of contacts that the defendant *himself* creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (internal quotations omitted). In this analysis, the court examines "the quantity *and* quality of *Defendants'* contacts with [the forum state] to determine whether

---

[6] As *Trujillo* demonstrates, Plaintiff is incorrect in asserting that personal jurisdiction is not relevant to federal question cases. *See id.* (addressing personal jurisdiction in case brought under 42 U.S.C. § 1983).

5

the district court's assertion of personal jurisdiction over Defendants comports with due process." *OMI Holdings*, 149 F.3d at 1092.[7]

The undersigned will address both general and specific jurisdiction.

### 3. General Jurisdiction

General jurisdiction over an out-of-state defendant is proper where the defendant's contacts with the forum state are "so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ." *Id.* at 924. Hufft has not argued or alleged facts that would that establish Martin—a Missouri prosecutor—is domiciled or "at home" in Oklahoma.

The Court cannot exercise general jurisdiction over Martin.

### 4. Specific Jurisdiction

As noted above, "specific jurisdiction is proper if (1) the out-of-state defendant purposefully directed its activities at residents of the forum State, and (2) the plaintiff's alleged injuries arise out of or relate to those activities." *XMission, L.C. v. PureHealth Rsch.*, 105 F.4th 1300, 1308 (10th Cir. 2024) (citation modified). "[P]urposeful direction ensures that defendants will not be haled into court in foreign jurisdictions solely as a result of 'random, fortuitous, or attenuated contacts.'" *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1229 (10th Cir. 2020) (quoting *Burger King Corp. v.*

---

[7] Even if a prima facie showing of personal jurisdiction is made, the defendant may "demonstrate that the presence of some other considerations would render jurisdiction unreasonable." *TH Agric. & Nutrition, LLC v. Ace Eur. Grp. Ltd.*, 488 F.3d 1282, 1286 (10th Cir. 2007) (internal quotations omitted). Because Hufft has failed to make a prima facie showing, the undersigned need not reach this issue.

*Rudzewicz*, 471 U.S. 462, 475 (1985)).  For tort-based claims,[8] purposeful direction has three elements: "(1) an intentional action; (2) <u>expressly aimed at the forum state</u>; and (3) with knowledge that the brunt of the injury would be felt in the forum state." *Id.* at 1231 (emphasis added).

But, "knowledge of an alleged victim's out-of-state status, standing alone, cannot confer personal jurisdiction over a defendant engaging in allegedly tortious activity," since the focus remains on the defendant's relationship with the forum. *Id.* (citing *Walden*, 571 U.S. at 282–83). "Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties." *Walden*, 571 U.S. at 284. Therefore, the minimum contacts analysis does not look solely to "the defendant's contacts with persons who reside there," given "the plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285.

Hufft has failed to meet his burden of establishing that Martin purposefully directed her conduct toward Oklahoma. The allegations involving Martin appear to concern Missouri criminal charges brought by a Missouri prosecutor for alleged violations of Missouri law before a Missouri court. (ECF No. 2 at 1–2.) Put differently, all conduct raised by Hufft occurred in Missouri. While Hufft may live in Oklahoma and may have to drive to Missouri for court, this does not mean Martin purposefully directed her conduct in Oklahoma. *See Coffman v. Vinita Forensic Ctr. Hosp.*, No. 2:24-cv-02308-HLT-ADM, 2025 WL 907333, at *3 (D. Kan. Jan. 16, 2025) (finding Kansas plaintiff failed to show Oklahoma defendant purposefully directed its activities at Kansas where lawsuit

---

[8] Section 1983 claims are a species of tort liability. *Heck v. Humphrey*, 512 U.S. 477, 483 (1994).

7

"involv[ed] criminal charges in Oklahoma, incarceration in Oklahoma, and Oklahoma competency evaluations"); *Rodgers v. Fallin*, No. CIV-12-171-D, 2013 WL 149723, at *4–6 (W.D. Okla. Jan. 14, 2013) (same, where Oklahoma plaintiff filed suit against Missouri officials for actions taken in Missouri) (collecting cases). Likewise, the allegation that Hufft was arrested by Oklahoma police and extradited to Missouri is insufficient to establish specific personal jurisdiction. *Alfred v. Whetsel*, No. CIV-07-950-C, 2008 WL 506335, at *4 (W.D. Okla. Feb. 21, 2008) (finding no specific personal jurisdiction in § 1983 action where Oklahoma plaintiff alleged Georgia officials took action that resulted in plaintiff's extradition to Georgia). The Court cannot exercise specific jurisdiction over Martin.[9]

### 5. Transfer or Dismissal

Having determined the Court lacks personal jurisdiction over Martin, the undersigned next considers whether the Court should dismiss the claims against her or transfer the action. Under 28 U.S.C. § 1631, whenever a claim is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed or noticed . . . ." *See also Trujillo*, 465 F.3d at 1222 ("A court may *sua sponte* cure jurisdictional . . . defects by transferring a suit under [§ 1631] when it is in the interests of

---

[9] Hufft argues that ruling in favor of Martin would violate his right to "bring suit in the federal district where [he] lives or where a substantial part of the . . . acts occurred." (ECF No. 34 at 3.) Hufft appears to be referencing the federal <u>venue</u> statute. *See* 28 U.S.C. § 1391. But § 1391 allows a plaintiff to bring a civil action in "a judicial district in which <u>any defendant</u> resides" or "in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* § 1391(b)(1)–(2) (emphasis added). As explained above, there are no allegations that Martin resides in Missouri, and the events giving rise to Hufft's claims occurred in Missouri.

justice."). In determining whether the interests of justice warrant transfer, the relevant considerations are whether: (1) a new action in the appropriate forum would be time barred; (2) the claims are likely to have merit; and (3) the plaintiff should have realized the forum in which he filed was improper. *Id.* at 1223 n.16.

The undersigned recommends dismissal of Hufft's claims against Martin rather than transfer. First, Hufft alleges a pattern of false arrests beginning in April 2022. (ECF No. 2 at 1.) In Missouri, the statute of limitations for a § 1983 claim is five years. *See Sulik v. Taney Cty.*, 393 F.3d 765, 767 (8th Cir. 2005) (citing Mo. Rev. Stat. § 516.120(4)); *Jordan v. St. Louis City Just. Ctr.*, No. 17-cv-2896, 2018 WL 837701, at *1–2 (E.D. Mo. Feb. 13, 2018) (applying five-year limitations period to § 1983 claim premised upon false arrest, false imprisonment, and malicious prosecution).[10] Thus, Hufft has ample time to file suit against Martin in the appropriate forum. Second, as outlined in Martin's motion, Hufft's claims are likely without merit for numerous reasons.[11] Third, despite his pro se status, Hufft "should have realized that the [Northern] District of Oklahoma was the

---

[10] Under Missouri law, state law claims for false imprisonment and malicious prosecution are subject to a two-year limitations period. Mo. Rev. Stat. § 516.140. To the extent § 516.140 is applicable to Hufft's § 1983 claims, the undersigned would still find dismissal proper, as factors two and three weigh in favor of dismissal.

[11] For instance, Martin is likely entitled to prosecutorial immunity, as the complained-of conduct relates to Hufft's criminal prosecution for the failure to pay child support. *See Nielander v. Bd. of Cty. Comm'rs*, 582 F.3d 1155, 1164 (10th Cir. 2009) ("Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court."); *Mink v. Suthers*, 482 F.3d 1244, 1258 (10th Cir. 2007) ("Absolute prosecutorial immunity is a complete bar to a suit for damages under 42 U.S.C. § 1983."). Further, Hufft has likely failed to plead a § 1983 claim against Martin, because he never alleges a specific constitutional violation. *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . .").

9

wrong place to sue [a Missouri defendant] without any known connection to Oklahoma." *Weaver v. Okla. Cty. Sheriff's Office*, No. CIV-07-847-W, 2008 WL 1733385, at *3 (W.D. Okla. Apr. 14, 2008).

The undersigned thus recommends dismissing Hufft's claims against Martin without prejudice for lack of personal jurisdiction. *See Hollander v. Sandoz Pharms. Corp.*, 289 F.3d 1193, 1216–17 (10th Cir. 2002) (explaining dismissal for lack of personal jurisdiction does not address the merits and therefore is without prejudice).

### B.   Claims Against Trustee

The undersigned further recommends the claims against the Trustee be also dismissed, as Hufft's complaint contains various pleading deficiencies and Trustee is immune from suits for monetary relief.[12]

#### 1.   Screening Obligation

When, like here, a plaintiff is proceeding in forma pauperis ("IFP"), the Court has a continuing obligation to screen the complaint under 28 U.S.C. § 1915(e)(2)(B). Congress enacted § 1915(e)(2)(B), recognizing that IFP litigants lack "an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing an earlier version of the statute). The statute obligates the Court to dismiss a case "at any time" if it determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or

---

[12] Personal jurisdiction may be raised sua sponte "only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo*, 465 F.3d at 1217 (internal quotation omitted). If the Court disagrees with the undersigned's recommended grounds for dismissing the claims against the Trustee, it may examine whether it has personal jurisdiction over the Trustee.

(iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B).

### 2. Failure to State a Claim Standard

Dismissal under section 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard that applies to Rule 12(b)(6) motions to dismiss. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To survive a 12(b)(6) motion to dismiss, "a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). All such reasonable inferences are resolved in the plaintiff's favor. *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56 (citations and footnotes omitted). A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions" or a "formulaic recitation" of the elements. *Id.* at 555.

The Court liberally construes a pro se plaintiff's complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation and internal quotation marks omitted). Nonetheless, a pro se plaintiff maintains the burden of "alleging sufficient facts on which a recognized legal claim could be based." *Johnson v. Garrison*, 805 F. App'x 589, 591

11

(10th Cir. 2020) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).[13] "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110 (but noting the court should not assume the role of plaintiff's advocate). Dismissal of a pro se complaint for failure to state a claim is proper "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (internal quotations omitted).

### 3.     Eleventh Amendment

Before addressing whether Hufft has stated a claim, the undersigned notes that any claim against the Family Support Division would be barred by the Eleventh Amendment, as would any *Ex parte Young* claim against its officers for monetary or retrospective declaratory relief.[14]

"The Eleventh Amendment generally bars suits against a state in federal court commenced by citizens of that state or citizens of another state." *K.A. v. Barnes*, 134 F.4th 1067, 1073 (10th Cir. 2025) (internal quotations omitted). This bar is jurisdictional and extends to "governmental entities that are arms of the state." *Id.* (internal quotations omitted). Here, Hufft is suing the Family Support Division as the "Trustee for Child Support Payments for the State of Missouri." (*See* ECF No. 2 at 2 ("I have been extorted

---

[13] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

[14] As pled, it appears that the claims against the unnamed Trustee are official-capacity claims.

for many years by Family Support Services for non-payment of child support. . . . The State of Missouri Family Support Center's presuming authority to make me pay child support also violates . . . .").) The Family Support Division is an office within the Department of Social Services, which is an arm of the State of Missouri. *See* Mo. Stat. § 454.400(1) ("There is established within the department of social services the 'Family Support Division' to administer the state plan for child support enforcement."); *McKay v. Mo. Dep't of Soc. Servs.*, No. 4:23-cv-00495-SRC, 2023 WL 4846608, at *4 (E.D. Mo. July 28, 2023) (finding Eleventh-amendment immunity applies to the Family Support Division); *Davis v. St. Louis City Police Dep't*, No. 4:21-cv-00498-SRC, 2021 WL 4775405, at *3–4 (E.D. Mo. Oct. 13, 2021) (same). Eleventh amendment immunity applies unless it has been abrogated by Congress or waived by the state. *Nelson v. Geringer*, 295 F.3d 1082, 1096 (10th Cir. 2002). Congress did not abrogate Eleventh Amendment immunity by enacting § 1983, *Quern v. Jordan*, 440 U.S. 332, 345 (1979), and Missouri has not waived its immunity, *see McKay*, 2023 WL 4846608, at *3–4.

Even when claims are brought against a state official under *Ex parte Young*,[15] the Eleventh Amendment bars suits seeking monetary damages and retrospective declaratory relief. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004). Therefore, even if the Trustee is an individual, it is entitled to immunity under the Eleventh Amendment from Hufft's claims for money damages or retrospective declaratory relief.

### 4. Alleged Claims

Regardless of any immunity, Hufft has failed to state a claim against the Trustee. Hufft's claims against the Trustee appear to relate to the forced payment of child support

---

[15] *Ex parte Young*, 209 U.S. 123 (1908).

and revocation of his driver's license for the failure to pay such support. As best the undersigned can tell, Hufft asserts an extortion claim under § 1983; a right to travel claim, perhaps also under § 1983; and a claim under 15 U.S.C. § 1673. Hufft also generally complains Missouri's child support process is unconstitutional.

### a. Extortion

Hufft's primary claim for extortion fails for numerous reasons. First, extortion is generally a criminal offense and not a civil cause of action. *See* 18 U.S.C. § 1951(b)(2); *see also, e.g.*, *Samzelius v. Bank of Am.*, No. 12-03295, 2012 WL 12949683, at *9 (N.D. Cal. Oct. 9, 2012) ("Extortion is a federal criminal offense, and there is no private right of action for extortion.").[16] Second, Hufft cannot bring this claim under § 1983, which "requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trs.*, 215 F.3d 1168, 1172 (10th Cir. 2000). The Trustee—*i.e.*, the Family Support Division—is an arm of the state of Missouri and not a "person" for purposes of § 1983.[17] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). The Trustee is therefore not subject to § 1983 liability. *See id.*; *see also Hester v. Okla. Dep't of Health*, No. Civ-22-1011-R, 2023 WL 185103, at *1 (W.D. Okla. Jan. 13, 2023) (dismissing § 1983 claims against Oklahoma governmental entity).

---

[16] To the extent Hufft asserting an extortion claim under state law, neither Oklahoma nor Missouri recognize extortion as a civil cause of action. *See Calon v. Bank. of Am. Corp.*, No. 14-00913-CV-W-FJG, 2015 WL 3948171, at *6 (W.D. Mo. June 29, 2015); *Chapman v. Chase Manhattan Mortg. Grp.*, No. 04-CV-0859-CVE-FHM, 2007 WL 2815246, at *7 (N.D. Okla. Sept. 24, 2007).

[17] "Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotations omitted).

### b. Right to Travel

Hufft's right to travel claim appears to be brought under § 1983 and, again, fails because the Trustee is not a person subject to § 1983 liability. In any event, the claim fails on its merits.

Construed liberally, Hufft asserts a right to travel claim against the Trustee based on the revocation of his driver's license. (ECF No. 2 at 2.) However, "the denial of only one mode of transportation does not violate the right to interstate travel." *Brown v. Eppler*, 788 F. Supp. 2d 1261, 1268 (N.D. Okla. 2011), *aff'd in part, rev'd in part on other grounds*, 725 F.3d 1221 (10th Cir. 2013). This claim also fails. *See Wright v. Family Support Division of Mo. Dep't of Soc. Servs.*, 458 F. Supp. 3d 1098, 1110–11 (E.D. Mo. 2020) (dismissing right to travel claim based on suspension of driver's license) (collecting cases); *Madera v. Holguin*, No. 2:24-cv-01117-KRS, 2024 WL 4707996, at *2 (D.N.M. Nov. 7, 2024) (same).

### c. 15 U.S.C. § 1673

Hufft also asserts a violation of the Consumer Credit Protection Act ("CCPA"). (ECF No. 2 at 2–3 (citing 15 U.S.C. § 1673).) The CCPA sets forth the maximum amount of earnings allowed to be garnished and instructs that "[n]o court of the United States or any State, and no State (or officer or agency thereof), may make, execute, or enforce any order or process in violation of this section." 15 U.S.C. § 1673(a), (c). The garnishment restrictions set forth in § 1673(a) do not apply to support orders "issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by State law, which affords substantial due process, and which is subject to judicial review." *Id.* § 1673(b)(1)(A). Section 1673 is enforced through the Secretary of Labor. *Id.* § 1676.

Hufft appears to allege that, under § 1673(b)(1)(A), the Trustee was required to hold a hearing that met certain guidelines before his wages could be garnished, and that no such hearing occurred.[18] (ECF No. 2 at 2–3.) Even assuming this to be true, § 1673 does not create a private right of action. *Phillips v. Schenectady Child Support Unite*, No. 1:24-CV-853 (BKS/PJE), 2025 WL 895035, at *15 (N.D.N.Y. Mar. 24, 2025) (collecting cases); *Mair v. Off. of Recovery Servs.*, No. 2:12-cv-00473, 2012 WL 7060822, at *2 (D. Utah Nov. 13, 2012), *R&R adopted*, 2013 WL 498808 (Feb. 8, 2013); *see also Evans v. Soc. Sec. Admin.*, No. 09-cv-01465-BNB, 2009 WL 2596647, at *2 (D. Colo. Aug. 20, 2009) (noting that state courts retain authority to adjudicate challenges to their garnishment orders). Because there is no private cause of action under § 1673, the undersigned recommends this claim be dismissed.

### d. Administrative Child Support Process

Hufft last asserts Missouri's administrative child support process is unconstitutional, but he does not explain how or allege any supporting facts in the complaint. (ECF No. 2 at 2.) Instead, Hufft cites a Minnesota Supreme Court case, *Holmberg v. Holmberg*, 588 N.W.2d 720 (Minn. 1999). (*Id.*) In *Holmberg*, the court held that Minnesota's administrative child support process violated the separation of powers doctrine under the Minnesota constitution, because, among other things, administrative law judges had the authority to modify child support orders granted by the district court. 588 N.W.2d 724–26. Contrary to Hufft's apparent contention, *Holmberg* did not hold that <u>all</u> administrative child support processes are <u>per se</u> unconstitutional

---

[18] Specifically, Hufft alleges "the relevant Court must perform *judicial balancing* comparing disposable income received by the respondent in such cases compared not only to income of the beneficiary of child support but their prospects for employment for which they are reasonably suited." (ECF No. 2 at 3.)

16

under the United States Constitution. Moreover, the complaint contains no factual allegations suggesting Missouri employs a similar administrative scheme.

In later court filings, Hufft contends his procedural due process rights were violated, because his driver's license was suspended "without constitutional safeguards." (ECF No. 34 at 6.) To plead a procedural due process claim, the complaint must allege "(1) a constitutionally protected liberty or property interest, and (2) a governmental failure to provide an appropriate level of process." *Citizen Ctr. v. Gessler*, 770 F.3d 900, 916 (10th Cir. 2014). This second element generally requires the plaintiff to allege what process was due and what deprivation occurred. *Meadows at Buena Vista, Inc. v. Ark. Valley Pub. Co.*, No. 10-cv-02871-MSK-KMT, 2012 WL 502688, at *7 (D. Colo. Feb. 15, 2012) (citing *Reedy v. Werholtz*, 660 F.3d 1270, 1275 (10th Cir. 2011)). Hufft's complaint does not allege what process he should have received regarding his license suspension, and such claim fails.

### 5. Alternatively, Hufft Has Failed to Prosecute His Case Against the Trustee

Further, Hufft has not filed a proof of service indicating that Trustee has been served, despite a warning that failure to do so could result in dismissal. A pro se plaintiff is subject to the same rules of civil procedure that govern other litigants. *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993). Although the U.S. Marshals assist with service in IFP cases, it remains Hufft's responsibility to provide sufficient information for the Marshals to effect service. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007). Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action for failure to prosecute or comply with the civil procedure rules or a court order. Fed. R. Civ.

P. 41(b).[19]  Hufft has failed to comply with the undersigned's April 21, 2025 Order, and dismissal is warranted on that basis, as well.

### C. Leave to Amend

Although Hufft does not request leave to amend, a court should ordinarily provide pro se plaintiffs leave to amend a defective complaint. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990).  Denial of leave to amend may be appropriate in instances of undue delay, bad faith or dilatory motive; repeated failures to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; or futility of amendment. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Granting leave to amend "is within the discretion of the trial court." *Id.* (internal quotations omitted).  In deciding whether leave to amend should be granted, the undersigned has considered not only the complaint, itself, but also Hufft's briefing on the motion to dismiss, as well as filings that have been improperly made and stricken by this Court (e.g., ECF Nos. 30, 42).

In this case, the undersigned recommends that Hufft not be granted leave to amend.  As to Martin, even if Hufft could allege facts that would cure the personal jurisdictional deficiencies, his claims would still be barred by Martin's absolute prosecutorial immunity.  As for Defendant Trustee, Hufft's monetary claims are barred by sovereign immunity, and the Trustee is not a person subject to a § 1983 claim.  Finally, it appears that the primary complaint Hufft has against the defendants is based on his belief that a noncustodial parent cannot constitutionally be ordered to pay <u>any</u> child

---

[19] Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962)).

support. The authorities provided by Hufft do not support this proposition, and the undersigned can locate none.

It would be futile to provide Hufft leave to amend as to either defendant.

## Conclusion & Recommendation

Considering the above, the undersigned Magistrate Judge **RECOMMENDS** that *Defendant Shara A. Martin's Motion to Dismiss* (ECF No. 28) be **GRANTED**, and that Plaintiff's claims against Martin be **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

The undersigned further **RECOMMENDS** that Plaintiff's claims against Trustee for monetary damages be **DISMISSED WITH PREJUDICE** under the Eleventh Amendment, and that all other claims be **DISMISSED WITHOUT PREJUDICE** for the failure to state a claim. Alternatively, the undersigned **RECOMMENDS** that Plaintiff's claims against the Trustee be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order.

Lastly, the undersigned **RECOMMENDS** that *Plaintiff Richard A. Hufft's Motion for Summary Judgment* (ECF No. 36) be **DENIED** as moot.

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma by October 16, 2025. *See* Fed. R. Civ. P. 6(d), 72(b)(2).

If specific written objections are timely filed, Federal Rule of Civil Procedure 72(b)(3) directs the district judge to

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify

the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*; *see also* 28 U.S.C. § 636(b)(1). The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for *de novo* review by the district court or for appellate review.

**SUBMITTED** this 29th day of September, 2025.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT