IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

RICHARD A HUFFT,

    Plaintiff,

v.

THE TRUSTEE FOR CHILD SUPPORT
PAYMENTS FOR THE STATE OF
MISSOURI AND SHARA A. MARTIN,

    Defendants.

Case No. 25-CV-057-JFH-SH

## ORDER

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Susan E. Huntsman recommending the dismissal of Plaintiff Richard A Hufft's ("Plaintiff") claims against Defendant The Trustee for Child Support Payments for the State of Missouri ("Defendant Trustee") and Defendant Shara A. Martin ("Defendant Martin") (together, "Defendants"). Dkt. No. 50. The Magistrate Judge further recommends denying Plaintiff's pending Motion for Summary Judgment [Dkt. No. 35] as moot. *Id*. Within the prescribed time period for objections, Plaintiff filed an "Objection to the September 29th Report and Recommendation of Magistrate Susan E. Huntsman/Motion to Disqualify Magistrate Huntsman and Judge John F. Heil, III Pursuant to 28 U.S.C. § 144" ("Objection"). Dkt. No. 51. Defendant Martin filed a response to Plaintiff's Objection. Dkt. No. 52. For the following reasons, Plaintiff's Objection is overruled and the R&R is accepted and adopted as the Order of this Court.

## DISCUSSION

After a Report and Recommendation has been issued, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). The Court "must determine de novo any part of the magistrate judge's disposition that has been

properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also*, 28 U.S.C. § 636(b)(1). However, any objections not properly raised are waived for purposes of review by the District Court. *Klein v. Harper*, 777 F.3d 1144 (10th Cir. 2015); *Silva v. United States*, 45 F.4th 1134 (10th Cir. 2022). An objection to a recommendation is properly raised if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.*; *see e.g., Lopez v. Colorado*, No. 19-CV-0684-WJM-MEH, 2020 WL 1074756, at *1 (D. Colo. Mar. 6, 2020).[1] "In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate." *Davis v. GEO Grp. Corr., Inc.*, No. CIV-16-00462-PRW, 2023 WL 2536727, at *1 (W.D. Okla. Mar. 16, 2023) (citing *Summers v. State of Utah*, 927 F.2d 1165, 1167-68 (10th Cir. 1991)).

While Plaintiff's Objection was timely filed, the objections contained therein are not sufficiently specific to trigger the Court's de novo review. *See 2121 E. 30th St.*, 73 F.3d at 1059. The first objection makes unsupported allegations of bias and conspiracy and alleges, for the first time, a violation of Plaintiff's "first amendment right to petition government for redress of grievances." Dkt. No. 51 at 1. Second, Plaintiff vaguely objects to the Magistrate Judge's findings regarding jurisdiction, arguing that the Magistrate Judge "conflat[ed] the rules pertaining to diversity of citizenship with the rules pertaining to federal question . . . ." *Id.* at 2. Third, Plaintiff

---

[1] "Unpublished opinions are not precedential, but may be cited for their persuasive value." 10th Cir. R. 32.1(A), 28 U.S.C.; *see also United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

takes issue with service of process requirements. *Id*. Finally, Plaintiff implies that the Magistrate Judge applied the wrong standard of review for deciding a motion to dismiss. *Id*. Specifically, Plaintiff argues that the Magistrate Judge did not presume the facts alleged in Plaintiff's complaint to be true. Dkt. No. 51 at 2. The remainder of Plaintiff's Objection does not address the R&R, but rather argues for the disqualification of the Magistrate Judge and this Court pursuant to 28 U.S.C. § 144.

Plaintiff's objections are not proper objections, not supported by the record, and are not sufficiently specific to trigger the Court's de novo review. First, "courts do not consider new arguments and new evidence raised in objections to a magistrate judge's report and recommendation that were not raised, and thus were not considered, by the magistrate judge." *Parks v. Persels & Assocs., LLC*, 509 B.R. 345, 357 (D. Kan. 2014) (citing *Grant v. Bradt*, 2012 WL 3764548, at *4 (S.D.N.Y.2012); *Greathouse v. JHS Sec. Inc.*, 11 Civ. 7845(PAE), 2012 WL 5185591, at *6 (S.D.N.Y. Oct. 19, 2012)). Plaintiff's objections related to bias, conspiracy, and First Amendment rights were not previously raised and, therefore, were not considered by the Magistrate Judge in issuing the R&R. Next, Plaintiff's objection regarding jurisdiction is not sufficiently specific enough to trigger this Court's review. Plaintiff's objection discusses diversity of citizenship and federal question, which are issues pertaining to subject matter jurisdiction. The R&R, however, makes findings related to personal jurisdiction, not subject matter jurisdiction. Dkt. No. 50 at 4. Next, Defendant's general complaint regarding the service of process requirement was not previously raised and is not a proper objection to the R&R. Finally, contrary to Plaintiff's assertion, the Magistrate Judge did apply the appropriate standard in deciding the Motion to Dismiss. Dkt. No. 50 at 4 ("The undersigned will therefore examine the allegations in the complaint to determine whether those facts, if true, make a prima facie showing of personal

jurisdiction."); Dkt. No. 50 at 11 ("To survive a 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations to state a claim to relief that is plausible on its face. . . . All such reasonable inferences are resolved in the plaintiff's favor.").

For these reasons, the Court finds that a de novo review is not warranted and instead reviews the R&R under the clear error standard. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Upon review of the R&R, the Court finds no clear error and, therefore, adopts the R&R as the Order of this Court.

Regarding Plaintiff's motion to disqualify made within his Objection, the Court finds that the affidavit does not allege sufficient facts to warrant disqualification. First, a motion to disqualify is more properly made by separate motion and supported by an affidavit. 28 U.S.C. § 144. The Court further notes that 28 U.S.C. § 144 covers only the disqualification of a district judge, not a magistrate judge. Regardless, the Court finds the motion and affidavit are insufficient. While Plaintiff obviously disagrees with the Magistrate Judge's and the Court's rulings in this case, this does not rise to the level of conduct warranting disqualification. *See United States v. Irwin*, 561 F.2d 198, 200 (10th Cir.1977) (holding that the fact that a judge has previously rendered a decision against a party is not sufficient to show bias or prejudice). Further, the motion consists almost entirely of previous arguments raised by Plaintiff in his underlying Complaint and contains no specific factual allegations of personal bias or prejudice. *See Knoll v. Socony Mobil Oil Co.*, 369 F.2d 425, 430 (10th Cir.1966), cert. denied, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 138 (1967) (holding that an affidavit is deemed insufficient when it lacks facts showing a personal bias or prejudice, and contains only insufficient conclusions). For these reasons, the relief requested here is also denied.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Objection [Dkt. No. 51] is OVERRULED and the Report and Recommendation [Dkt. No. 50] is ACCEPTED AND ADOPTED as the Order of this Court.

IT IS FURTHER ORDERED that Defendant Shara A. Martin's Motion to Dismiss [Dkt. No. 28] is GRANTED and that Plaintiff's claims against Defendant Martin are DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction.

IT IS FURTHER ORDERED that Plaintiff's claims for monetary damages against Defendant Trustee are DISMISSED WITH PREJUDICE under the Eleventh Amendment and that all other claims against Defendant Trustee are DISMISSED WITHOUT PREJUDICE for failure to state a claim.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment [Dkt. No. 36] is DENIED as moot.

Dated this 28th day of October 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE