IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

RICHARD A HUFFT,

        Plaintiff,

v.

THE TRUSTEE FOR CHILD SUPPORT
PAYMENTS FOR THE STATE OF
MISSOURI AND SHARA A. MARTIN,

        Defendants.

Case No. 25-CV-057-JFH-SH

**OPINION AND ORDER**

Before the Court is a motion to vacate ("Motion") filed pro se by Plaintiff Richard A. Hufft ("Plaintiff"). Dkt. No. 55. Defendant Shara A. Martin ("Defendant Martin") filed a response in opposition [Dkt. No. 57] and Plaintiff filed a reply [Dkt. No. 58]. For the following reasons, Plaintiff's Motion [Dkt. No. 55] is denied.

**DISCUSSION**

On October 28, 2025, this Court entered its Opinion and Order adopting the Magistrate Judge's Report and Recommendation to dismiss all Plaintiff's claims [Dkt. No. 53] and entered judgment against Plaintiff thereby terminating this case [Dkt. No. 54]. Plaintiff now seeks to vacate the Opinion and Order and judgment as "facially void." Dkt. No. 55.

Federal Rule of Civil Procedure 60 provides a mechanism for the Court to relieve a party from a final judgment or order under the following circumstances:

1. mistake, inadvertence, surprise, or excusable neglect;
2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4. the judgment is void;

> 5. the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> 6. any other reason that justifies relief.

Fed. R. Civ. P. 60(b). As indicated by this narrow list, relief under Rule 60(b) is extraordinary and limited to certain exceptional circumstances. *Massengale v. Oklahoma Board of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co. Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds." *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir.1991), *cert. denied*, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). The district court has substantial discretion in deciding a Rule 60(b) motion. *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1145–46 (10th Cir.1990). "Not a substitute for a direct appeal, a rule 60(b) motion addresses matters outside the issues on which the judgment was entered." *Nutter v. Wefald*, 885 F.Supp. 1445, 1450 (D. Kan. Mar. 16, 1995) (citing *Brown v. McCormick*, 608 F.2d 410, 413 (10th Cir. 1979)). "It is not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings." *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

A judgment is void for Rule 60(b)(4) purposes if the "rendering court was powerless to enter it," such as where the Court lacked subject matter jurisdiction or jurisdiction over the parties. *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979); *In re Four Seasons Securities Laws Litigation*, 502 F.2d 834, 842 (10th Cir. 1974). Rule 60(b)(4) is narrow and "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1014 (10th Cir. 2025) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)).

Plaintiff argues that the Opinion and Order and judgment are void because the Court "lacked authority" to consider Plaintiff's objection to the Report and Recommendation and to deny Plaintiff's additional request to disqualify the Magistrate Judge and this Court pursuant 28 U.S.C. § 144. Dkt. No. 55. Specifically, Plaintiff seems to argue that once he made his request for disqualification under § 144, another judge should have been assigned to hear the proceeding. *Id*. at 1. Section 144 states that

> Whenever a party to any proceeding in a district court makes and files a timely and *sufficient affidavit* that the judge before whom the matter is pending *has a personal bias or prejudice either against him or in favor of any adverse party*, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> *The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists* . . . .

28 U.S.C. § 144 (emphasis added). "The simple filing of an affidavit does not automatically disqualify a judge." *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976). Rather, the movant "must show facts indicating the existence of a judge's personal bias and prejudice." *Id*. Therefore, contrary to Plaintiff's assertion, the mere submission of an affidavit pursuant to § 144 did not divest the Court of any authority. On the contrary, the Court had authority to consider the affidavit and determine, in its discretion, whether it complied with the requirements of § 144. *See e.g., Payton v. Kelly*, 2021 WL 4543781, at *2 (10th Cir. Oct. 4, 2021) (unpublished) (holding district court did not abuse its discretion in denying a motion to disqualify under 28 U.S.C. § 144 where district court found that the affidavit did not sufficiently state the facts and the reasons for the belief that bias or prejudice exists.). Because the Court determined that the affidavit did not satisfy the requirements of § 144, the Court properly denied Plaintiff's request, considered and adopted the Magistrate Judge's Report and Recommendation, and entered judgment against Plaintiff.

Plaintiff has failed to show that this Court was powerless to do so.  Accordingly, Plaintiff's argument that the Opinion and Order [Dkt. No. 53] and judgment [Dkt. No. 54] are void fails.  The Court further finds that Plaintiff has failed to demonstrate that the Opinion and Order and judgment should be vacated under any other circumstance enumerated in Rule 60(b).

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's motion to vacate [Dkt. No. 55] is DENIED.

Dated this 13th day of January 2026.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE